FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 2 3 2003

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHARALLE ARNOLD; DR. DAMON ARNOLD; CANDACE S. McCASKILL; MILTON RILEY; DeGALE WILLIAMSON; JAMORAL D. BONNER; YVETTE DIOR DAVENPORT; TERREN DAMONE DRAKE; RICHARD WILLIAM SOLITAIRE; MKRISTO BRUCE; ELWIS JOHNSON, JR.; JOE STUBBLEFIELD, II; SHIKITA TRAHAN; CELENA GONSALVES; BLESSING UFODIAMA; NATASHA JACKSON; BRIAN J. WALKER; JESSE TRUEMAN; WILLIE RAY BRENT, III; IRA DAVIS; SELAMAWIT HABTE; DOROTHY YVONNE WHITMAN; ANGELITA CHRISTINE GREEN; LaTAUNYA BRENAÉ WHITHERSPOON; TAFONA M. BRAR; JEREMY TYLER BOHANNON; QUINCY EUGENE MERCER; MOLLY A. WILSON; APERA CHINEZE NWORA; JASMINE RENÉÉ VAUGHN; TRENTON LaMAR HOLLIMON; ANTAKNEA Q. MAJORS; MONIQUE NICOLE JESSIE; REYNA LEWIS; KIMBERLY WALKER; CHARREL ALFORD; CHARISSE OYOLOKOR; SWEENEY MAE MONTINOLA; CHERI JOVAN BROGDEN; TENASHAYA GRIFFIN; MONICA FORTSON; KANISHA LYNETTE BUSS; ANTONIO RYAN; CYNTHIA IWUOHA; JUSTIN LEWIS MURRAY;

CASE NO. CS-03-0335-FVS

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1 of 13
()
[1239380 v6.doc]25726-01

ORIGINAL

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

| | |
|---|---|
| 1 | CECILIA ALON CAROTHERS; JENNIFER MENDEZ; WILLIARD J. BETHEL, III; |
| 2 | DEMETRIA YVETTE MABRY; KHALIAH LEON; PHILLIP JAMES NEAL; MARQUES |
| 3 | CARLTON TUCKER; DAMIEN LEWIS WARREN; MIA SHAVETTE MOSLEY; |
| 4 | ANOTHONY KA'AUAMO, JR.; WAGAHTA TEKLESENBET ANDEBERHAN; |
| 5 | BRANDON ERVIN; MARTIN LUTHER BOSTON; CARMEN IRIS DeJESUS; |
| 6 | AMANDA LICORISH; MONIQUE D. GRIFFIN; PATRICK CHARLES EVERETT; |
| 7 | AARON MORRIS; ELENA MARGARET BURNS SMITH; BIANCA SOLORZANO; |
| 8 | JOSEPH GABRIEL ROMAILE DAVIDSON; JONAH KIRANGI; LUAM GOITOM TEKLE; |
| 9 | HAZZAUNA MARIE UNDERWOOD; CHRISTOPHER HILL; LEAH HENRY- |
| 10 | SHEPPARD; ALICIA LEE MACKAY; CHRISTOPHER FRANKLIN WELLS; |
| 11 | NINETTE JONES; DR. JOHNNY D. JONES; REGINALD CHARLES ROBINSON; |

NO.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 CECILIA ALON CAROTHERS; JENNIFER
MENDEZ; WILLIARD J. BETHEL, III;
2 DEMETRIA YVETTE MABRY; KHALIAH
LEON; PHILLIP JAMES NEAL; MARQUES
3 CARLTON TUCKER; DAMIEN LEWIS
WARREN; MIA SHAVETTE MOSLEY;
4 ANOTHONY KA'AUAMO, JR.; WAGAHTA
TEKLESENBET ANDEBERHAN;
5 BRANDON ERVIN; MARTIN LUTHER
BOSTON; CARMEN IRIS DeJESUS;
6 AMANDA LICORISH; MONIQUE D.
GRIFFIN; PATRICK CHARLES EVERETT;
7 AARON MORRIS; ELENA MARGARET
BURNS SMITH; BIANCA SOLORZANO;
8 JOSEPH GABRIEL ROMAILE DAVIDSON;
JONAH KIRANGI; LUAM GOITOM TEKLE;
9 HAZZAUNA MARIE UNDERWOOD;
CHRISTOPHER HILL; LEAH HENRY-
10 SHEPPARD; ALICIA LEE MACKAY;
CHRISTOPHER FRANKLIN WELLS;
11 NINETTE JONES; DR. JOHNNY D. JONES;
REGINALD CHARLES ROBINSON;
12 TIFFANIE MORELAND-TRAVIS;
TAHJANAE DE'ANE NORTHCUTT;
13 KAYAUSHA LYNN ANGLIN; SELOMÉ
TESHOME; WYOSHE UMECA WALKER;
14 TANNYA VANNESSA JEAN JONES; PETER
JOHN HOWARD RIZZARDI;
15 QUANTAVIAN WILSON; FREDERICK
WILLIAM SHAVIES, II; ANGELA S. COX;
16 SONJA MONIQUE THOMAS BELL;
NAZIRET ASGEDOM; CHEVON VICTORIA
17 BROWN; FIKERTE FISSEHA; and SHELLIE
E. LONG,

Plaintiffs,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2 of 13
()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

v.

CITY OF PULLMAN POLICE
DEPARTMENT; WILLIAM T.
WEATHERLY; DAN HARGRAVES; RUBEN
HARRIS; DON HEROFF; and ANDREW
WILSON,

Defendants.

NO.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

COME NOW the above-named Plaintiffs and, by way of claim, allege as follows:

## I.   INTRODUCTION

1.1.   On September 8, 2002, several members of the City of Pullman Police Department intentionally and indifferently injured several hundred persons when they responded to an isolated disturbance call at the "Top of China" restaurant by discharging multiple canisters of pepper spray on innocent and unsuspecting bystanders. The unlawful use of police force resulted in harm and violated the civil rights of those present. This lawsuit aims to prevent future unlawful conduct by the Pullman Police Department and to make whole the victims of this wrongdoing.

## II.   JURISDICTION

2.1.   Plaintiffs bring this action against the City of Pullman Police Department and several of its officers and employees in accordance with federal law and RCW 4.92, *et. seq.* All of the Plaintiffs have served a Standard Tort Claim Form on the City of Pullman. More than sixty (60) days have elapsed since these claims were served.

2.2.   This Court has jurisdiction over this matter under 28 U.S.C. §1331 because of the federal claims involved; namely, 42 U.S.C. §§ 1983 and 1988. This Court also has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3 of 13
()

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

### III.    VENUE

3.1.    The events giving rise to this lawsuit occurred in Pullman, Whitman County, Washington.  Venue is proper in this District under 28 U.S.C. §1391(b).

### IV.    PARTIES

4.1.    **Plaintiffs**.

4.1.1.  Plaintiffs consist largely of students and faculty from either Washington State University or the University of Idaho.  All Plaintiffs are either citizens of the United States of America or properly within the jurisdiction of the United States of America.

4.2.    **Defendants**:

4.2.1.  Defendant City of Pullman Police Department is a municipal entity existing pursuant to and under the laws of the City of Pullman and the State of Washington. The City of Pullman Police Department is charged with the responsibility of protecting the rights of its citizens and upholding the laws of the City of Pullman, the State of Washington and the nation for those within its jurisdiction.  The City of Pullman Police Department also bears the affirmative duty of hiring, training, retaining, evaluating and supervising its agents and employees.

4.2.2.  Defendant William T. Weatherly was the Chief of the City of Pullman Police Department at all relevant times.  Defendant Weatherly was charged with the responsibility to protect and serve the citizens within the Department's jurisdiction and to train the officers within the Department in a manner that upheld the civil rights of the citizens, not violate them.  For all acts and omissions complained of in this lawsuit, Defendant

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4 of 13
()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

Weatherly was acting in the scope of his duties. He was also acting under color of state law. He is being sued in both his individual capacity and his official capacity.

4.2.3. Defendants Dan Hargraves, Ruben Harris, Don Heroff and Andrew Wilson were employed as law enforcement officers by the City of Pullman Police Department. Their duties were to enforce the laws of the city, state and nation and to protect and serve the individuals within their jurisdiction. These officers violated the civil rights of the Plaintiffs and tortiously harmed them by using unlawful police force against them in the September 8, 2002 response at the Top of China Restaurant. All the acts and omissions complained of against these individual Defendants occurred in the scope of their duties. They were also acting under color of state law.

4.2.4. Defendants Weatherly, Hargraves, Harris, Heroff and Wilson are referred herein as "Individual Defendants."

## V. FACTS

5.1. This claim arises from the intentional, unlawful use of police force against the Plaintiffs in this lawsuit. On September 8, 2002, officers from the Pullman Police Department unlawfully discharged multiple cans of pepper spray on several hundred individuals attending a social function at the building where the Top of China Restaurant and the Attic nightclub are located. The officers had been called to respond to an isolated disturbance that occurred during the social function.

5.2. The social function was hosted by an African-American fraternity of the Washington State University, Omega Psi Phi fraternal group. The guests of the social function included a number of prominent faculty members at Washington State University

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5 of 13
()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1   and a large percentage of the African-Americans living in the Pullman area.  The City of

2   Pullman Police Department knew of the social function in advance of it occurring.

3       5.3.    The City of Pullman Police Department was located only a few city blocks

4   from where the social function was hosted at the Top of China Restaurant and Attic nightclub.

5

6       5.4.    Several City of Pullman Police Department officers, including Defendants

7   Hargrave, Harris, Heroff and Wilson arrived in front of the building, approached the front

8   door, opened it and without warning of any kind, immediately began spraying oleoresin

9   capsicum gas or pepper spray into the buildings, one officer after the next.  The pepper spray

10  gas immediately diffused throughout the building to the upper floor, exposing several hundred

11  occupants in the building to the harmful effects of the oleoresin capsicum gas.

12      5.5.    Several individuals have also reported that the responding police officers rolled

13  canisters of gas into the building.  It has been feared that the police used tear gas when the

14  canisters were rolled into the building.

15

16      5.6.    The Plaintiffs in the building were quickly overcome by gas, suffering from

17  burning sensations, irritation, pain, redness and swelling of eyes, burning, redness and

18  irritation of skin, shortness of breath, difficulty breathing, coughing, increased

19  mucosecretions, and vomiting.  Because the police officers gave no warning prior to using

20  gas, most of the building occupants had no idea what had occurred.  A general panic ensued.

21  People in the building began rushing for exits to escape the gas.  Many people were trampled

22  or otherwise injured while attempting to evacuate the building.

23

24      5.7.    The police offices at the scene were unrepentant and several officers refused to

25  provide for or assist in medical care needed by Plaintiffs.

26

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6 of 13
()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

5.8.    Instead, several of the officers refused to explain what had transpired and threatened several Plaintiffs with further unwarranted police abuse.

5.9.    The City of Pullman hired Robert Keppel, Ph.D., Director of the Center for Crime Assessment in Bellevue, Washington, to conduct an independent assessment of the actions taken by members of Defendant Pullman Police Department at the Top of China Restaurant on September 8, 2002.  He conducted a comprehensive investigation over several months.  As Dr. Keppel stated in his report:

> It is my opinion that members of the Pullman Police Department breached the standard of care in handling a fight call at the Top of China on September 8, and that the officers' breach of the duty of care caused hundreds of innocent people secondary exposure to pepper spray.

5.10.    Subsequent to Dr. Keppel's report, the City of Pullman issued a formal written apology "to all those who were innocent victims of the secondary effects of the pepper spray that Pullman Police used early Sunday morning."  The City acknowledged that "many innocent individuals had adverse reactions to the secondary effects of the pepper spray."

## VI.    CLAIMS FOR RELIEF

Plaintiffs re-allege and incorporate each and every allegation set forth in this complaint.

### 6.1.    Violations of Civil Rights Under 42 U.S.C. § 1983.

6.1.1.    At all times material herein, Plaintiffs had a federally-protected interest in life and liberty, including freedom from unlawful and excessive use of police force, as well as procedural and substantive due process of the law.  Plaintiffs also had a federally-protected

()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

interest in freedom from racial discrimination. These rights are preserved and protected for Plaintiffs by the Fourth, Eighth and Fourteenth Amendments.

6.1.2. The Pullman Police Department is a political subdivision in the State of Washington and constitutes a "person" for the purposes of 42 U.S.C. § 1983 and § 1988.

6.1.3. A defendant violates 42 U.S.C. § 1983 by depriving individuals of their constitutional rights under color of state law. The Defendants were all acting under color of state law when they perpetrated the acts depriving Plaintiffs of their constitutional rights described herein.

6.1.4. At all times relevant to this cause of action, the Individual Defendants Weatherly, Hargraves, Harris, Herroff and Wilson were agents and/or employees of the City of Pullman Police Department acting under color of state law.

6.1.5. The Individual Defendants, as a matter of federal law, are liable for intentional acts and deliberate indifference resulting in unlawful police force and battery that shocks the conscience; for engaging in conduct constituting racially discriminating conduct; for official policies and customs fostering the unlawful use of police force and racial discrimination; for customs and persistent practices creating the same results; for deliberately indifferent training that proximately caused Plaintiffs' injuries; and for decisions made by officials with final decision-making authority that resulted in unlawful police force and racial discrimination.

6.1.6. The Defendants are also liable under 42 U.S.C. § 1983 for deliberate indifference in its failure to adopt appropriate polices and training to prevent the unlawful use

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8 of 13
()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

of police force and to prevent racially discriminatory police conduct that results in a deprivation of civil rights.

6.1.7.   Under federal law, the individually named Defendants are liable under 42 U.S.C. § 1983 for intentional acts of unlawful police force, for racially discriminatory treatment of Plaintiffs and under a theory of supervisory liability for deliberately indifferent failures to supervise and train its officers.

6.1.8.   As a direct and proximate result of Defendants' violations of Plaintiffs' constitutional rights, Plaintiffs are entitled to an award of damages, including punitive damages, for Plaintiffs' injuries as alleged and for the purpose of punishing such conduct and deterring such conduct in the future.  Attorneys' fees are recoverable under 42 U.S.C. §§ 1983 and 1988(b).

6.2.   **Assault**.

6.2.1.   Individual Defendants Hargraves, Harris, Heroff and Wilson deliberately discharged noxious gas into a confined building occupied by several hundred persons.  These individual Defendants knew that spraying and discharging harmful gas into a confined building occupied by several hundred persons violated their training and would result in harm to innocent victims.   The law holds that a person intends the natural consequences of his actions.  Here, the consequences, exposure of Plaintiffs to noxious gas, including but not limited to pepper spray, constitutes civil assault.

6.3.   **Intentional Infliction of Emotional Distress**.

6.3.1.   The use of unlawful police force on Plaintiffs gives rise to a cause of action for intentional infliction of emotional distress.  Many of the Plaintiffs suffered not only

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9 of 13
()

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1

2

3

4

5

6

from the harmful effects of the gassing, but also felt targeted by the City of Pullman Police Department because of racial discrimination. Many Plaintiffs are African-American and appropriately expressed their distress about the likelihood that the police force and subsequent indifference was a product of racial animus. Other Plaintiffs also felt targeted by police for their affiliation with this social function.

7

   6.4.    **Negligence**.

8

9

10

11

12

13

   Defendant City of Pullman Police Department acted negligently in several respects that caused injury to the Plaintiffs. The City of Pullman Police Department is liable for its own acts and omissions, as well as for the acts and omissions of its officers and employees under the doctrine of *respondeat superior*. Among others, the Defendant City of Pullman Police Department fell below the standard of care in the following respects:

14

15

16

   6.4.1.  The Defendant and its officers negligently failed to communicate knowledge of the social function at the Top of China Restaurant between changing shifts and plan for a controlled response to situations at the function.

17

18

   6.4.2.  The Department and its officers negligently failed to plan and assess its response to the call for assistance at the Top of China restaurant.

19

20

21

22

   6.4.3.  The Department and its officers negligently failed to establish its physical presence at the scene, verbalize a cease and desist order and control the isolated disturbance with as little force as possible.

23

24

   6.4.4.  The Department and its officers negligently failed to assess the environmental conditions of the confined building before discharging oleoresin capsicum.

25

26

()
[1239380 v6.doc]25726-01
                                        LAW OFFICES
                              GORDON, THOMAS, HONEYWELL, MALANCA,
                                     PETERSON & DAHEIM LLP
                                  1201 PACIFIC AVENUE, SUITE 2100
                                       POST OFFICE BOX 1157
                                  TACOMA, WASHINGTON 98401-1157
                              (253) 620-6500 · FACSIMILE (253) 620-6565

6.4.5. Discharging oleoresin capsicum into a confined building occupied by several hundred innocent persons.

6.4.6. The Department and its officers negligently failed to provide for safe crowd control following its intentionally use of gas in the building, causing numerous trample-type injuries and hysteria.

6.4.7. The Defendant and its officers negligently failed to administer medical attention to or call for a medical response on behalf of the victims of the gassing and ensuring chaos.

6.4.8. Plaintiffs suffered damages that were proximately caused by the negligent acts of the Defendants.

6.5. **Negligent Hiring, Training and Supervision of Its Officers**.

Defendant City of Pullman Police Department had a duty to use reasonable care in hiring, training and supervision of its officers. Defendant City of Pullman Police Department breached this duty and proximately caused damages to the Plaintiffs as a result.

## VII. RESERVATION OF RIGHTS

7.1. Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## VIII. JURY DEMAND

8.1. Pursuant to the Rules of Civil Procedures, Plaintiffs demand that this action be tried before a jury.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11 of 13
()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

## IX.   DAMAGES

9.1.   As a direct and proximate result of Defendants' intentional, reckless and negligent conduct, Plaintiffs have sustained physical and emotional injuries, special damages and general damages.

9.2.   Plaintiffs are entitled to recover punitive damages for the deliberately indifferent acts perpetrated by the individual Defendants that resulted in the deprivation of Plaintiffs' civil rights.

9.3.   Plaintiffs are also entitled to recover attorneys' fees and costs from all Defendants under 42 U.S.C. § 1983 and § 1988(b).

## X.   PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants for general, special and punitive damages as allowed by law, for attorneys' fees and costs incurred in maintaining this action and for pre-judgment interest and for such other and further relief as the Court deems just.

Plaintiffs respectfully request the Court to:

10.1.   Enter an order declaring that the conduct of the Defendants as described above violates Plaintiffs' rights under 42 U.S.C. § 1983.

10.2.   Enter an order permanently enjoining Defendants from committing similar unlawful acts in the future, including but not limited to, the following:

10.2.1. Enjoin Defendants from discharging pepper spray into a confined building.

10.2.2. Enjoin Defendants from discharging pepper spray without first establishing its physical presence and verbalizing a cease and desist order.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12 of 13
()
[1239380 v6.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1    10.3.   Order the City of Pullman Police Department to provide proper training for its

2    offices on the appropriate use of pepper spray or other gases;

3    10.4.   Order the City of Pullman Police Department to develop a meaningful,

4    effective and mandatory cultural awareness and diversity training to ensure its offices do not

5    respond inappropriately to situations involving African-Americans or ethnicities other than

6    Caucasians;

7    10.5.   Award Plaintiffs compensatory damages against Defendants in an amount to

8    be determined at trial;

9    10.6.   Award Plaintiffs exemplary damages against the individual Defendants;

10   10.7.   Award Plaintiffs prospective, equitable relief to prevent future misconduct;

11   10.8.   Award Plaintiffs their attorneys' fees and costs against Defendants pursuant to

12   42 U.S.C. §§ 1983 and 1988 and any other applicable law; and

13   10.9.   Award Plaintiffs all other relief that is just and appropriate under the

14   circumstances.

15   Dated this _18th_ day of September, 2003.

16   GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

By: _____    By: _____
    Darrell L. Cochran, WSBA No. 22851         Thaddeus P. Martin, WSBA No. 28175
    dcochran@gth-law.com                       tmartin@gth-law.com
    Attorneys for Plaintiffs                   Attorneys for Plaintiffs

()
[1239380 v5.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565